# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,              Criminal No. 07-20099

v.                                        Honorable Paul D. Borman

D-1 MUSSA SHOHATEE,

                Defendant.
_____/

## STIPULATED PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through its attorneys, STEPHEN J. MURPHY, United States Attorney for the Eastern District of Michigan and T. N. ZIEDAS, Assistant U.S. Attorney, together with Defendant MUSSA SHOHATEE, by and through his attorney, STEVEN FISHMAN, ESQ., hereby submit this Stipulated Preliminary Order of Forfeiture:

1. WHEREAS, an Indictment issued on March 1, 2007, which charged Defendant MUSSA SHOHATEE with violating 21 U.S.C. §§ 846, 841(a)(1) and 843(b);

2. WHEREAS, the Indictment contained Forfeiture Allegations seeking forfeiture of property constituting or derived from proceeds, directly or indirectly, as the result of those violations, or property that facilitated the violations, pursuant to 21 U.S.C. §853;

3. WHEREAS, on October 12, 2007, Defendant MUSSA SHOHATEE entered into a Rule 11 Plea Agreement, pled guilty to Count(s) One and Twenty-three of the Indictment, and agreed to forfeiture of (1) 2761 Stair Street, Detroit, Michigan; (2) a 2003 Mercedes Benz, VIN WDXYE49E33X138734G500 (the correct VIN is **WDCYR49E33X138734**);

and (3) a 2006 Hummer, VIN 5GRGN23U86H109521, which property constitutes direct or indirect proceeds, or property that facilitated the violations, pursuant to 21 U.S.C. §853;

4. NOW THEREFORE, based upon the Indictment, Defendant Defendant MUSSA SHOHATEE's acknowledgment of forfeiture, and the information in the record;

IT IS HEREBY ORDERED that the following property is FORFEITED by Defendant MUSSA SHOHATEE:

(1) **2761 Stair Street, Detroit, Michigan,** more fully described as follows:

Lots 190 through 194, inclusive, Lot 221, Lots 223 through 231, inclusive, and Lots 240 through 247, inclusive, Burn's Subdivision, according to the recorded plat thereof as recorded in Liber 17 of Plats, page 3, Wayne County Records;

(2) **a 2003 Mercedes Benz, VIN WDCYR49E33X138734;** and

(3) **a 2006 Hummer, VIN 5GRGN23U86H109521** (hereafter "Subject Assets").

IT IS FURTHER ORDERED that any and all interest of Defendant MUSSA SHOHATEE IS HEREBY FORFEITED to the United States for disposition in accordance with law, and any right, title or interest of Defendant MUSSA SHOHATEE , and any right, title or interest that his heirs, successors or assigns, have or may have in said property IS HEREBY AND FOREVER EXTINGUISHED.

5. Upon entry of this Order, the United States or a designee is authorized to seize the assets described above in paragraph 4 ("Subject Property"), pursuant to Federal Rule of Criminal Procedure 32.2(b)(2) and (3), to conduct any discovery that the Court considers

proper to help identify, locate, or dispose of any assets seized, and United States is authorized to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties

6. The United States shall publish at least once for three successive weeks, in a newspaper of general circulation, notice of this Preliminary Order of Forfeiture and its intent to dispose of the real property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). Said notice shall direct that any person, other than Defendant MUSSA SHOHATEE , asserting a legal interest in the property may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the property. The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the property.

7. Defendant MUSSA SHOHATEE  that he will cooperate with the United States by taking whatever steps are necessary to deliver clear title to the above-identified property to the United States and will execute such legal documents as may be required to transfer title

to the United States and by taking whatever steps are necessary to ensure that the property is not sold, disbursed, hidden, wasted or otherwise made unavailable for forfeiture.  If any other person or entity has any interest in such property, Defendant MUSSA SHOHATEE  will assist in obtaining a release of interest from any such other person or entity.

8. In entering into this Stipulated Preliminary Order of Forfeiture, Defendant MUSSA SHOHATEE  expressly waives his right to have a jury determine the forfeitability of his interest in such property as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.  Defendant MUSSA SHOHATEE  knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, and specifically acknowledges that the above-identified forfeitable property constitutes or is derived from proceeds traceable to or property that facilitated his violations.

9. Defendant MUSSA SHOHATEE  waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant MUSSA SHOHATEE  acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed on him in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time any guilty plea is accepted.

10. Following the Court's disposition of all petitions filed, if any, and upon proof of

publication and notice to any persons known to have alleged an interest in the real property , the United States shall have clear title to the real property, and the Attorney General and the United States Marshal's Service are authorized to dispose of the forfeited assets in accordance with law.

11. Pursuant to Fed.R.Crim.P. 32.3(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

12. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2.

Agreed as to form and substance:

STEPHEN J. MURPHY
United States Attorney

| s/T. N. Ziedas | s/with consent of Steven Fishman |
|---|---|
| Assistant United States Attorney | Attorney for Defendant Mussa Shohatee |
| 211 W. Fort Street, Suite 2001 | 615 Griswold, Suite 1125 |
| Detroit, MI 48226 | Detroit, MI 48025 |
| (313)-226-9573 | (313)-962-4090 |
| peter.ziedas@usdoj.gov | Sfish66@yahoo.com |
| [P34653] | [P23049] |
| Dated: January 17, 2008 | Dated: January 17, 2008 |

s/ with consent of Mussa Shohatee

Dated: January 17, 2008

************************************************

IT IS SO ORDERED.

             s/Paul D. Borman
             PAUL D. BORMAN
             UNITED STATES DISTRICT JUDGE

Dated: January 23, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 23, 2008.

                                                s/Denise Goodine
                                                Case Manager